```
            UNITED STATES DISTRICT COURT
             DISTRICT OF NEW HAMPSHIRE
```

Jacqueline Dussault

    v.                                        Civil No. 15-cv-441-JL
                                                Opinion No. 2017 DNH 029

Carolyn Colvin, Acting Commissioner,
Social Security Administration

**ORDER ON APPEAL**

Jacqueline Dussault appeals the Social Security Administration's ("SSA") denial of her application for disability benefits. An Administrative Law Judge ("ALJ") found that Dussault suffered from the following severe impairments: diabetes, trochanteric (hip) bursitis, early osteoarthritis of the hips, and left shoulder myofascial pain syndrome. The ALJ also found that Dussault suffered from several non-severe impairments: post heart attack, iritis and depression. Employing the Medical Vocational Guidelines, 20 C.F.R. pt. 404, subpt. P, App. 2 ("the Grid"), the ALJ ultimately found that Dussault was not disabled within the meaning of the Social Security Act because she has sufficient residual functional capacity ("RFC") to work at jobs that exist in significant numbers in the national economy. See 42 U.S.C. § 423(d)(2)(A). The SSA Appeals Council subsequently denied Dussault's request

for review of the ALJ's decision, rendering the ALJ's decision final. Dussault timely appealed to this court, pursuant to 42 U.S.C. § 405(g). In due course, Dussault moved to reverse the SSA's decision and the SSA's Acting Commissioner moved to affirm the denial of benefits.

Dussault asserts a single argument – that the ALJ erred in relying on the Grid because she improperly concluded that Dussault's non-exertional limitations had little or no effect on the occupational base of sedentary unskilled work and made her decision without input from a vocational expert.

After consideration of the parties' arguments and the administrative record, the court finds that the ALJ improperly relied on the Grid to determine the effect of Dussault's limitations. Therefore, Dussault's motion is granted and the Acting Commissioner's motion is denied.

## I.  Standard of Review

The court's review of SSA's final decision "is limited to determining whether the ALJ used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). The ALJ's decision will be upheld if it is supported by substantial evidence, that is, "such evidence as a reasonable mind might

accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotations omitted). This is less evidence than a preponderance but "more than a mere scintilla." Id.; Consolo v. Fed. Mar. Comm'n, 383 U.S. 607, 620 (1966). The possibility of drawing two inconsistent conclusions from the evidence does not preclude a finding of substantial evidence. Consolo, 383 U.S. at 620. Accordingly, the ALJ's resolution of evidentiary conflicts must be upheld if supported by substantial evidence, even if contrary results are supportable. Rodriguez Pagan v. Sec'y of Health & Human Servs., 819 F.2d 1, 2 (1st Cir. 1987). The court next turns to the ALJ's decision.

## II. Background[1]

In analyzing Dussault's benefit application, the ALJ invoked the required five-step process. See 20 C.F.R. § 416.920. First, she concluded that Dussault had not engaged in substantial work activity after the alleged onset of her disability on January 12, 2009. Next, the ALJ determined that

---

[1] The court recounts here only those facts relevant to the instant appeal. The parties' more complete recitation in their Joint Statement of Material Facts is incorporated by reference. See L.R. 9.1(d).

Dussault suffered from several severe impairments: diabetes mellitus, trochanteric bursitis and early osteoarthritis of the hips, and left shoulder myofascial pain syndrome.  See 20 C.F.R. § 416.1520(c).  At the third step, the ALJ concluded that Dussault's impairments -- either individually or collectively -- did not meet or "medically equal" one of the listed impairments in the Social Security regulations.  See 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.  The ALJ next found that Dussault had the RFC to perform sedentary work, with the modification that she perform postural activities only occasionally and that she can only occasionally reach overhead with one arm.[2]  See 20 C.F.R. §§ 404.1567(a) and 416.967(a).

After finding at step four that Dussault could not perform any past relevant work, the ALJ proceeded to step five, at which the SSA bears the burden of showing that a claimant can perform other work that exists in the national economy.  Freeman v. Barnhart, 274 F.3d 606, 608 (1st Cir. 2001).  Here, the ALJ, considering Dussault's age, education and work experience, using the Grid as a framework, concluded Dussault could perform jobs

---

[2] In a section of her opinion entitled "Findings of fact and Conclusions of Law," the ALJ found that Dussault can reach overhead only occasionally with her right arm, but later in the opinion, ascribed this limitation to her left arm.  The court will address with discrepancy, infra.

4

which exist in the regional and national economy. Accordingly, the ALJ found Dussault not disabled within the meaning of the Social Security Act.

### III. Analysis

As previously noted, Dussault claims that the ALJ impermissibly relied on the Grid. Underlying this argument are two related assertions. First, Dussault argues that the ALJ concluded that Dussault suffered from impairments in both shoulders, a significant non-exertional impairment that would preclude use of the Grid and require the testimony of a vocational expert. Next, she argues that a vocational expert is required even if only one of her shoulders is impaired. Because the court is persuaded by the second contention and remands on that basis, it need not resolve the first, as that can be addressed on remand as well. For background purposes, however, the court first outlines the dispute as to the impairment.

As noted, supra, n.2, the dispute on whether one or both of Dussault's shoulders is impaired stems from certain contradictory entries in the ALJ's opinion. Under finding of fact no. 3, only the left shoulder is implicated.[3] Yet in

---

[3] Admin. R. at 16.


finding no. 5, the ALJ includes only a limitation to Dussault's <u>right</u> shoulder.[3]  Finally, in addressing Dussault's symptoms, the ALJ observed that Dr. Nault, a state agency medical consultant, noted an impairment in Dussault's <u>right</u> shoulder, but discounted it because Dussault only alleged <u>left</u> shoulder pain.  The ALJ then concluded her discussion with the following: "The records confirm that the claimant was diagnosed with left shoulder impairment, rather than right.  As such, the undersigned finds that her left shoulder is limited to only occasional reaching."[5]  Ultimately, after finding that such an impairment "would have little or no effect" on the range of available sedentary work, the ALJ found Dussault not disabled.[6]  For purposes of the court's analysis, the court proceeds in accordance with the ALJ's final indication, that is, that Dussault's impairment was limited to her left shoulder.

At issue here is the ALJ's use of the Grid after concluding that Dussault has the residual functional capacity to perform sedentary work but only occasionally reach overhead with her

---

[3] Admin. R. at 18.

[5] Admin. R. at 20.

[6] Admin. R. at 21.

left shoulder.[7]  Dussault argues that this limitation (a "non-exertional impairment") substantially erodes the otherwise applicable occupational base of unskilled sedentary work, and that use of the Grid was therefore inappropriate.  In addressing the Grid, the Court of Appeals has noted:

> The Grid is designed to enable the Secretary to satisfy [her] burden [at step 5] in a "streamlined" fashion without resorting to the live testimony of vocational experts.  Yet the Grid is predicated on an individual's having an impairment which manifests itself by limitations in meeting the strength requirements of jobs.  Accordingly, where a claimant has one or more non-strength limitations, the Guidelines do not accurately reflect what jobs would or would not be available.  In cases where a nonexertional impairment significantly affects claimant's ability to perform the full range of jobs he is otherwise exertionally capable of performing, the Secretary must carry [her] burden of proving the availability of jobs in the national economy by other means, typically through the use of a vocational expert. On the other hand, should a nonexertional limitation be found to impose no significant restriction on the range of work a claimant is exertionally able to perform, reliance on the Grid remains appropriate.

Ortiz v. Secretary of Health & Human Services, 890 F.2d 520, 524 (1st Cir.1989) (citations, internal punctuation, and footnote omitted).  Similarly, "[t]he use of the grid is permissible only if a claimant's nonexertional limitations do not impose significant restrictions on the range of work that the claimant

---

[7] Admin. R. at 20.

is exertionally able to perform." Candelaria v. Barnhart, 195 Fed. Appx. 2, 3 (1st Cir. 2006). Where a nonexertional impairment "significantly affect[s] a claimant's capacity to perform the full range of jobs she is otherwise exertionally capable of performing, the Commissioner must carry her burden of proving the availability of jobs in the national economy by other means, typically through the use of a vocational expert." Id. (citations and internal punctuation omitted). See also, Seavey v. Barnhart, 276 F.3d 1, 7 (1st Cir. 2001) ("[A]lthough a nonexertional impairment can have a negligible effect, ordinarily the ALJ must back such a finding of negligible effect with the evidence to substantiate it, unless the matter is self-evident.") (citation and internal punctuation omitted).

The Acting Commissioner argues that Dussault's impairment lacks sufficient significance to foreclose use of the Grid. She cites Falcon-Cartegena v. Comm'r of Soc. Sec, 21 F. App'x 11, 14 (1st Cir. 2001), for its finding that a limitation of "no constant overhead reaching" with one arm had "only marginal" effect on the relevant occupation base. But the fact that that limitation had only marginal effect does not necessarily mean that a restriction allowing for only occasional overhead reaching is similarly marginal. According to the Dictionary of Occupational Titles, there are three relevant levels of

activity: 1) "occasional" activity, which is activity that exists up to one-third of the time in an occupation; 2) "frequent," activity, which occurs between one-third and two-thirds of the time; and 3) "constant" activity, which is activity that exists two-thirds or more of the time in an occupation. 2 Dictionary of Occupational Titles app. C, at 1013 (4th ed.1991). See also, Gilbert v. Astrue, Civ. No. 06-99-B-W, 2007 WL 951388 (D. Me. Mar. 27, 2007), report and recommendation adopted, Civ. No. 06-99-B-W, 2007 WL 1266682 (D. Me. Apr. 30, 2007) (observing that the DOT makes a distinction between "constant" and "frequent" activity, defining "frequent" as "from 1/3 to 2/3 of the time.")

Applying these definitions, it is possible that one who can engage in no constant (more than two-thirds of the time) overhead reaching with one arm, such as the claimant in Falcon-Cartegena, is still capable of doing so "frequently" (between one-third and two-thirds of the time). By contrast, Dussault's RFC limits her to only reaching occasionally, that is, up to one-third of the time, which necessarily precludes the "frequent" reaching that was permissible for the Falcon-Cartegena claimant. It follows, therefore, that the "marginal effect" finding in Falcon-Cartegena is inapposite here. See Saiz v. Barnhart, 392 F.3d 397, 400 (10th Cir. 2004) (rejecting

9

use of the grids in light of claimant's reaching limitation); Quimby v. Astrue, No. 07-128-B-W, 2008 WL 660180, (D. Me. Mar. 5, 2008) (finding that ALJ's use of the Grid was "clearly inconsistent" with limitation of no frequent overhead work).

The ALJ's assessment of a limitation on Dussault's reaching in conjunction with a sedentary RFC is not a minor issue. A sedentary RFC already "represents a significantly restricted range of work." Social Security Ruling (SSR) 96-9p, 1996 WL 374185, at *3. Reaching is "required in almost all jobs" and a limitation in this regard "may eliminate a large number of occupations a person could otherwise do." SSR (Program Policy Statement) 85-15, 1985 WL 56857, at *7; see Butler v. Barnhart, 353 F.3d 992, 1000-01 (D.C. Cir. 2004) (citing SSR 85-15 for significance of reaching limitation in sedentary context and reversing ALJ decision that failed to properly account for evidence of such limitation).

Given the legal significance of Dussault's impairment, and the lack of any explanation from the ALJ, the court finds that the Acting Commissioner has failed to meet her burden at Step 5 of the analysis. The court therefore vacates the ALJ's decision and remands this case for further proceedings consistent with this order. Any further proceedings must clear up whether one or both of Dussault's shoulders is implicated, and must use a

vocational expert to assess the impact of this limitation on the occupational base of unskilled sedentary work.

## IV.  Conclusion

The claimant's motion to reverse the decision of the acting commissioner[8] is granted.  The Acting Commissioner's motion to affirm[9] is denied.

SO ORDERED.

                                         /s/ Joseph N. Laplante
                                         Joseph N. Laplante
                                         United States District Judge

February 16, 2017

cc:   Karen B. Fitzmaurice, Esq.
      Penelope E. Gronbeck, Esq.
      T. David Plourde, Esq.

---

[8] Doc. No. 9.

[9] Doc. No. 10.